IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ryan William Welch,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Unknown Maxson, et al.,<br><br>　　　　　Defendants. | No. CV-20-08107-PCT-DGC (MHB)<br><br>**ORDER** |

　　　　On March 4, 2021, the Court issued an Order to Show Cause directing Plaintiff to show cause, within 14 days, why the Court should not impose sanctions on Plaintiff for failing to appear at his February 18, 2021 deposition. (Doc. 39.) On April 8, 2021, the Court issued an Order directing Plaintiff to respond to Defendants' Motion to Dismiss for Lack of Prosecution (Doc. 43) by May 6, 2021. (Doc. 44.) To date, Plaintiff has not responded to the Order to Show Cause or the Motion to Dismiss, and the time to do so has expired.

　　　　Plaintiff has the general duty to prosecute this case. *Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc.*, 587 F.2d 27, 29 (9th Cir. 1978). Federal Rule of Civil Procedure 41(b) allows a court to dismiss an action for failure to prosecute, failure to comply with the Federal Rules of Civil Procedure, failure to comply with the court's local rules, or failure to comply with court orders. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962) (a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); *Hells Canyon Pres. Council v.*

*United States Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (court may dismiss under Rule 41(b) for failure to prosecute or comply with rules of civil procedure or the court's orders); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the court).

In determining whether Plaintiff's failure to prosecute warrants dismissal, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  *Carey*, 856 F.2d at 1440 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

The first, second, and third factors favor dismissal of this case.  Plaintiff has not filed anything in this action since January 21, 2021 (Doc. 36), and he failed to respond to the Court's Order to Show Cause and to the pending Motion to Dismiss.  Plaintiff's failure to prosecute this action and comply with the Court's Orders prevents the case from proceeding in a timely manner and wastes judicial resources.  The fourth factor, as always, weighs against dismissal.  The fifth factor requires the Court to consider whether a less drastic alternative is available.

When addressing the final factor—the availability of less drastic sanctions—courts consider whether alternative sanctions have been implemented before dismissal is ordered and whether the plaintiff has been warned of the possibility of dismissal.  *See In re PPA Prod. Liab. Litig.*, 460 F.3d at 1229; *Ferdik*, 963 F.2d at 1262.  Plaintiff was warned that failure to prosecute or comply with the Court's Orders would result in dismissal (*see* Doc. 11 at 11), and, despite this warning, Plaintiff failed to respond to the Court's Orders.  Accordingly, the Court finds that only one less drastic sanction is realistically available.  Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication on the merits "[u]nless the dismissal order states otherwise."  The First Amended Complaint and this action will be dismissed without prejudice pursuant to Rule 41(b) for failure to prosecute and failure to comply with the Court's Orders.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is **withdrawn** as to Defendants' Motion to Dismiss for Lack of Prosecution (Doc. 43), and the Motion is **granted**.

(2) This action is **dismissed without prejudice** pursuant to Rule 41(b) for failure to prosecute and failure to comply with the Court's Orders. The Clerk of Court must enter judgment accordingly and terminate the action.

Dated this 18th day of May, 2021.

David G. Campbell
Senior United States District Judge